# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **RYAN BUFORD,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:21-cv-00279** |
| | ) | **Judge Aleta A. Trauger** |
| **KENNETH NELSEN, Warden,**[1] | ) | **Magistrate Judge Jeffrey S. Frensley** |
| | ) | |
| **Respondent.** | ) | |

## MEMORANDUM

Magistrate Judge Jeffrey Frensley has filed a Report and Recommendation ("R&R") (Doc.

No. 15), which recommends that petitioner Ryan Buford's Petition for Writ of Habeas Corpus

Pursuant to 28 U.S.C. § 2254 (Doc. No. 1), raising claims of ineffective assistance of counsel, be

denied in its entirety and that the petitioner's request for an evidentiary hearing be denied. Now

before the court is Buford's Objections (Doc. No. 16) to the R&R, to which the respondent has

filed a Response (Doc. No. 18). As set forth herein, the petitioner's Objections will be overruled,

and the court will accept the R&R in its entirety. The Petition will be denied and this case

dismissed.

## I.      LEGAL STANDARDS

### A.      Objections to a Report and Recommendation

When a party files timely objections to a magistrate judge's ruling on a dispositive matter,

---

[1] The proper respondent to a habeas petition is "the person who has custody over [the petitioner]." 28 U.S.C. § 2242; *see also* 28 U.S.C. § 2243. The prisoner's immediate physical custodian is the warden of the facility where the prisoner is being held. *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) (citing *Wales v. Whitney*, 114 U.S. 564, 574 (1885)). Accordingly, Kenneth Nelson, in his official capacity as Warden of Riverbend Maximum Security Institution where the petitioner is currently incarcerated, is substituted as the appropriate respondent in this action.

such as this one, the district court must review *de novo* any portion of the report and recommendation to which objections are "properly" lodged. Fed. R. Civ. P. 72(b) (3); 28 U.S.C. § 636(b)(1)(B) & (C). An objection is "properly" made if it is sufficiently specific to "enable[] the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). However, arguments made in an objection to a magistrate judge's report and recommendation that were not first presented to the magistrate judge for consideration are deemed waived. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). In conducting its review, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

**B.      Consideration of Claims Under 28 U.S.C. § 2254**

As a state habeas petitioner, Buford must satisfy the requirements of 28 U.S.C. § 2254. Under this statute, the district court cannot grant a habeas petition "with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court . . . ; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412–13 (2000). "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but

unreasonably applies that principle to the facts of the [petitioner's] case." *Id.* at 413. "As a condition for obtaining habeas corpus from a federal court, [the petitioner] must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). "Section 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act ('AEDPA'), is a 'purposefully demanding standard,' and it requires that state court determinations 'be given the benefit of the doubt.'" *Haight v. Jordan*, 59 F.4th 817, 831 (6th Cir. 2023) (quoting, first, *Montgomery v. Bobby*, 654 F.3d 668, 676 (6th Cir. 2011) (en banc), and, second, *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011)), *cert. denied*, 144 S. Ct. 578 (2024).

The petitioner here raises claims of ineffective assistance of counsel. To prove ineffective assistance of counsel, a habeas petitioner must show both that his counsel provided deficient performance—meaning that the representation "fell below an objective standard of reasonableness"—and that the deficient performance prejudiced his defense—that is, that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984).

An ineffective assistance claim raised in the context of a petition under § 2254, however, is also subject to review under the AEDPA standard. That is, the court must determine whether the state court's resolution of the petitioner's ineffective assistance of counsel claim was "contrary to, or involved an unreasonable application of, clearly established federal law" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2). There is a "strong presumption" that counsel's representation was "within the wide range of reasonable professional

assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted). Combining this deference with the deference required by § 2254(d) means that the court must be "doubly deferential" to the state court's ruling on counsel's performance. *Pinholster*, 563 U.S. at 190.

## II. BACKGROUND

Petitioner Buford, a prisoner in state custody, was convicted following a jury trial of first degree (felony) murder, especially aggravated robbery, and tampering with evidence. He received an automatic life sentence on the felony murder charge, to be served concurrently with the shorter sentences imposed for the other offenses. His conviction and sentence were affirmed on direct appeal. *State v. Buford* ("*Buford I*"), No. M2014-01265-CCA-R3-CD, 2015 WL 9488975 (Tenn. Ct. Crim. App. Dec. 29, 2015), *perm. to appeal denied* (Tenn. May 6, 2016). His subsequent petition for post-conviction relief was denied, and that decision was likewise affirmed. *Buford v. State* ("*Buford II*"), No. M2019-00424-CCA-R3-PC, 2020 WL 5668034 (Tenn. Crim. App. Sept. 24, 2020), *perm. to appeal denied* (Tenn. Feb. 4, 2021).

Prior to trial, the petitioner admitted in a statement to police that he fired the shots that killed the victim. *Buford I*, 2015 WL 9488975, at *1. He moved to suppress his statement on the basis that it was not knowing and voluntary, particularly because he was under the influence of drugs at the time he was interviewed by police. *Id.* at *7. The trial court denied the motion and concluded that Buford was not intoxicated and that the statement was knowing and voluntary. *Id.* at *1. Buford raised the issue of his intoxication again at trial, presenting the testimony of Rodney Foster, a supervisor at the juvenile detention facility where Buford was housed subsequent to his confession. *Id.* at *6. Foster testified that the defendant seemed "kind of high" and had told him that he had taken Xanax. *Id.* Foster also acknowledged, however, that Buford was "not staggering"

and "was responsive." *Id.*

On appeal, Buford argued that the trial court had erred in finding his confession to be knowing and voluntary. The appellate court noted that counsel had failed to file a transcript of the suppression hearing but nonetheless found, based on all of the evidence in the record—including a videorecording of the confession, a transcript of the petitioner's statements, and the testimony of the police officer who took the statement—that the trial court's finding that Buford was not so intoxicated when he waived his rights and made the self-incriminating statements that his confession "was not the product of a free mind or rational intellect." *id.* at *9.[2]

In his state post-conviction proceedings, Buford argued, among other claims, that "his counsel at the suppression hearing was ineffective for failing to put on evidence to corroborate his testimony concerning his intoxication." *Buford II*, 2020 WL 5668034, at *1, *5. The trial court rejected this claim, finding that counsel was not ineffective and that, even if he had introduced additional witnesses to corroborate the petitioner's claim of intoxication, it would not have altered the outcome of the motion to suppress. The appellate court, in reviewing this claim, articulated the applicable standard as governed by *Strickland v. Washington*, 455 U.S. 668, 687 (1984), and denied relief, finding that the trial court's conclusions were supported by the record. The court specifically noted that, although the expert psychologist who testified on behalf of Buford at his post-conviction hearing, Dr. James Walker, testified (based on his view of the videotape of the interview during which Buford confessed) that the petitioner appeared to be "[se]dated to some degree," he could not "definitively say that the Petitioner was under the influence during the interview," and he declined to express an opinion as to whether the petitioner lacked the capacity

---

[2] The appellate court also found that the trial court properly considered all of the other factors relevant to a determination of whether a juvenile's waiver of his rights under the Fifth Amendment is knowing and voluntary. *Buford I*, 2015 WL 9488975, at *9.

to understand the questions he was asked during the interview. *Id* at *2, *6.

In his federal habeas petition, Buford again raises a claim related to his attorney's failure to call Mr. Foster and Dr. Walker during his suppression hearing to corroborate his testimony that he was intoxicated at the time of his confession. He argues that the post-conviction court's determination was "objectively unreasonable" in light of the evidence presented in the state court proceedings. More specifically, he argues that it was inherently "illogical" for the court to have determined in 2013 that Buford was not intoxicated during the interview but then, six years later, to find that there was "adequate evidence presented as to the issue of intoxication." (Doc. No. 1, at 26.) He also challenges the post-conviction court's opinion that, "even if Mr. Buford had been intoxicated at the time of the [police] interview, other factors outweighed this and the waiver was still knowing and voluntary." (*Id.*) He argues that this conclusion was clearly "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." (*Id.*) He also argues that he was "prejudiced clearly" by the introduction of his confession into evidence. (*Id.* at 28.)

After the Petition was filed, the Warden filed a complete copy of the underlying record (Doc. Nos. 9, 10) and a Response (Doc. No. 13) in opposition to the Petition. The petitioner filed a Reply. (Doc. No. 14.) The R&R recommends denying relief, finding that the state court was not unreasonable in concluding that counsel's conduct was not constitutionally deficient and that, even assuming it was, the petitioner failed to establish prejudice. (Doc. No. 15, at 24.)

## III.    THE OBJECTIONS

Buford raises two objections. The first is that the R&R "fails to deal" with the trial court's allegedly inconsistent determinations at the motion to suppress stage and at post-conviction.[3] That

---

[3] The same judge presided at trial and at the post-conviction stage.

is, on the motion to suppress, the court found that Buford was not intoxicated at the time he confessed to the shooting. Then, during post-conviction proceedings, the court found that Buford's trial attorneys had "sufficiently presented the issue of intoxication, through Mr. Buford's statements alone, without the necessity of presenting expert proof and found no deficiency in performance despite previously having determined he was not intoxicated at all." (Doc. No. 16, at 3–4.) The petitioner attempts to explain why he believes these findings are irreconcilable:

> The post-conviction court believed a factual position exi[s]ted where it could both acknowledge that testimony from an expert . . . "could be helpful to the Petitioner's position that he was intoxicated at the time of the interview," but still insist that the failure of Mr. Buford's trial counsel . . . in not securing the testimony of an expert . . . to opine on Mr. Buford's intoxication . . . did not fall "outside the range of competence."

(*Id.* at 4.) The petitioner maintains that the trial court's initial determination that Buford was not intoxicated was "objectively unreasonable" in light of the evidence presented during the state court proceedings, because the court "fundamentally changed its assessment of the evidence presented in 2013 once the adequacy of Mr. Buford's representation was being challenged in 2019." (*Id.* at 5.)

Second, the petitioner argues that the R&R "fails to address" his argument challenging the trial court's assertion that, even if Buford had been intoxicated, it would not have invalidated the waiver, "essentially asserting that even if the first prong of *Strickland* was proven, the prejudice prong could not be based on the proof adduced." (*Id.*) He claims that "[t]o assert that intoxication would have made no difference to the knowingness of the waiver is a misapplication of federal law and violates § 2254(d)(1)." (*Id.* at 6.)

The Warden responds to the Objections, arguing that they essentially raise arguments already considered by the Magistrate Judge and fail to show that the Magistrate Judge's determination constitutes error as a matter of law. (Doc. No. 18.)

## IV.    DISCUSSION

The petitioner's claim and his Objections are wholly lacking in merit, largely because they mischaracterize the state courts' holdings,[4] and because the petitioner fails to show that the state courts applied an incorrect standard of law or that the ultimate decision was based on an unreasonable determination of the facts in light of the evidence.

First, there was no inconsistency between the trial court's finding, at the motion to suppress, that the petitioner was not intoxicated and its later finding, after the post-conviction hearing, that, even assuming the petitioner was intoxicated, he failed to establish either that his attorney's conduct was deficient or that he was prejudiced thereby. The court's shift in focus between the motion to suppress and the post-conviction petition was not "objectively unreasonable," particularly because the issues raised at the two stages were not the same.

In the first proceeding, the question was whether the petitioner's confession was voluntary. In the second, the issue was whether counsel was constitutionally ineffective. The trial court denied the motion to suppress after articulating the governing legal standards and summarizing the evidence presented. (Doc. No. 1-8, at 1–4.) The court noted that the defendant did not claim that his confession was the product of coercion, that he was read his rights and reread them himself and verbally acknowledged his understanding of his rights. (*Id.* at 4–5.) He signed the *Miranda* warning, asked questions, made coherent statements, was permitted to take a break and was provided a snack. The court stated that the defendant was "not under the influence of any intoxicants at the time of the waiver," noting that, when asked if he was under the influence, the defendant stated that he "was not at the time, but he was earlier that day." (*Id.* at 5.) The court did

---

[4] The petitioner was, as he argues, "prejudiced clearly" by the introduction of his confession into evidence. (Doc. No. 1, at 28.) But that is not the issue. The issue is whether he was prejudiced by his attorney's failure to introduce additional evidence in support of the motion to suppress.

not rely solely on the petitioner's response to that question to reach the determination that the petitioner was not intoxicated. It also cited the defendant's demeanor during the interview, his coherent responses to questions, his intelligent and appropriate questions, his familiarity with the criminal justice system, and the other evidence in the record to conclude that the defendant's "statements were the product of a free mind and rational intellect." (*Id.* at 6.)

The appellate court affirmed. Even taking into consideration the testimony of the juvenile detention officer, Rodney Foster, which was not introduced until trial, the court concluded that the trial court did not err in denying the motion to suppress, particularly given that the videotape of the confession showed that the petitioner "appeared to be alert and cognizant when inquiring about his legal situation and the consequences of his crimes" and was "capable of making a narrative of past events" and "of stating his own participation in the crime." *Foster I*, 2015 WL 9488975, at *9. The petitioner has not established that the state court applied an incorrect legal standard or that its determination of the facts was unreasonable based on the evidence presented.

The petitioner's second objection, though not clearly articulated, appears to be that the Magistrate Judge erred in not addressing his contention that the state court's finding that the petitioner was not prejudiced by counsel's deficient performance was "contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1). More specifically, he claims that, "[t]o assert that intoxication would have made no difference to the knowingness of the waiver is a misapplication of federal law and violates §2254(d)(1)." (Doc. No. 16, at 6.) At the same time, however, the petitioner cites the same standard as that applied by the state court. He quotes *United States v. Newman*, 889 F.2d 88, 94 (6th Cir. 1989), for the proposition that "[e]vidence that a defendant suffered, at the relevant time, from a condition or deficiency that impaired his cognitive or volitional capacity is never, by itself, sufficient to warrant the conclusion that his confession was involuntary for purposes of due process; *some element of police coercion*

*is always necessary.*" (*See* Doc. No. 16, at 6 (emphasis added).) The state appellate court likewise

noted, in the direct appeal, that "no single factor . . . should by itself render a confession

unconstitutional *absent coercive police activity.*" *Buford I*, 2015 WL 9488975, at *8 (quoting *State*

*v. Callahan*, 979 S.W.2d 577, 583 (Tenn. 1998)) (emphasis added). And the court noted that the

record contained no evidence of coercion. *Id.* at *8 & n.2. This fact, along with all of the other

evidence in the record, led the court to conclude that it was not error for the trial court to find that

the petitioner's confession was voluntarily given. *Id.* at *8–9.

In his post-conviction petition, the question posed was *not* whether the petitioner was

intoxicated, *per se*, but whether counsel's decision not to call additional witnesses to establish

Buford's intoxication was constitutionally deficient under *Strickland*. The post-conviction court

denied relief on this claim after hearing testimony from both Mr. Foster and the proposed expert,

Dr. Walker. The court found that, while these witnesses might have corroborated the petitioner's

testimony that he was under the influence of Xanax at the time of the interview, counsel was not

unreasonable in believing that the proof offered at the suppression hearing was sufficient to

establish his client's intoxication. (Doc. No. 10-1, at 84.)

In addition, the court also addressed *Strickland*'s second prong to determine that, even

assuming counsel's conduct had been objectively unreasonable, the petitioner was not prejudiced,

because the testimony proffered by Mr. Foster and Dr. Walker—which, as set forth above, was

equivocal at best—would not have changed its analysis or led the court to conclude that the

statement should have been suppressed. That is, even if the petitioner had been able to prove that

he was under the influence, that was only "one factor" to be considered in the analysis of whether

his confession was voluntary. (Doc. No. 10-1, at 84.) The court noted that, while its denial of the

motion to suppress "relied in part on a finding that the Petitioner was not under the influence, the

Court also found that the Petitioner was capable of stating his participation in the crime and

describing what occurred, and that almost all of the factors set forth in *Callahan* supported a finding that the Petitioner's waiver of his *Miranda* rights [was] valid." (*Id.* at 85 (citing *Callahan*, 979 S.W.2d at 583).) Thus,

> [e]ven if the Court had found the Petitioner was under the influence at the time of the interview in light of the testimony of Mr. Foster and Dr. Walker, the Court would still find that the totality of the circumstances, in light of the other [relevant] factors, would support a finding that the Petitioner waived his Miranda rights knowingly and voluntarily. Similarly, a finding that the Petitioner was intoxicated would not change the Court's finding that the Petitioner was coherent and was able to provide a description of his own participation in the events that led to these convictions.

(*Id.*) The court therefore concluded that, even if it "assume[d]" that Buford's attorney was deficient for not calling additional witnesses who might have corroborated Buford's claim to have been intoxicated, Buford could not prove that he had been prejudiced by that decision. (*Id.*) The Court of Criminal Appeals affirmed, finding simply that the trial court's determinations as to both the deficient performance and prejudice prongs under *Strickland* were supported by the record. *Buford II*, 2020 WL 5668034, at *6.

Again, this court does not review the state courts' application of *Strickland de novo* but, instead, through the lens of AEDPA. Under that standard, the petitioner here has not shown either that the state courts misapplied *Strickland* or that the final decision that the petitioner was not prejudiced by the failure to call additional witnesses was unreasonable in light of all of the evidence presented. He is not entitled to relief on the basis of this claim.

## V.     CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when it enters a final order adverse to a petitioner. A petitioner may not appeal the denial of a habeas petition unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of appealability

may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). That is, to warrant the grant of a certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 326 (2003). Where the court denies relief on procedural grounds without reaching the merits of a particular claim, a petitioner seeking a certificate of appealability must demonstrate that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The court finds in this case that jurists of reason would not disagree that the vast majority of the petitioner's claims are time-barred, were not fully exhausted in the state courts and are therefore procedurally defaulted, or both. With respect to the two claims that the court can review on the merits, the question of whether the denial of relief by the state court violated the petitioner's constitutional rights does not present a close question. The court will decline to issue a certificate of appealability.

## VI. CONCLUSION

For the reasons set forth herein, the petitioner's Objections (Doc. No. 16) will be overruled. The court will accept the R&R in its entirety, and the petition for habeas relief will denied. This case will be dismissed with prejudice, without issuance of a certificate of appealability. An appropriate Order is filed herewith.

_____
ALETA A. TRAUGER
United States District Judge